IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION



JERRY RUSTY BARNES, as father }
of DERECK BARNES, deceased, }
}
    Plaintiff, }    CIVIL ACTION NO.
}
v. }    02-AR-1644-J
}
AMERICAN HONDA MOTOR CO., INC., }
et al., }
}
    Defendants. }

### MEMORANDUM OPINION

    The above-entitled wrongful death action was removed to this court by the diverse defendants, claiming that the only non-diverse defendant, Scott Swindle ("Swindle"), was fraudulently joined. Consistent with this contention, Swindle himself filed a motion to dismiss pursuant to Rule 12(b)(6), F.R.Civ.P. Plaintiff, Jerry Rusty Barnes, as father of Dereck Barnes, deceased ("Barnes"), has filed both a motion to remand and a motion for leave to amend his complaint to substitute for one of the fictitious parties described in his original complaint an extra non-diverse defendant, namely, S & W Honda/Yamaha ("S & W"). Barnes' motion does not say specifically what type of entity S & W is. He describes S & W as an "Alabama Company, having a principle [sic] place of business in Jasper, Alabama."

    The complaint arises out of plaintiff's decedent being killed while riding a 1982 model three-wheeler all-terrain vehicle manufactured by Honda. The vehicle was obviously used and was purchased by the decedent from Swindle without any warranties. Barnes' primary theory of liability aims at Honda and alleges a design defect under AMELD. Whether plaintiff's other theories are subsumed by his AMELD theory is a question



which awaits answer by the Supreme Court of Alabama.

The court agrees with the diverse defendants and with Swindle that no cause of action has been stated or can reasonably be pursued by Barnes against Swindle. Under the facts appearing, Swindle owed no duty to plaintiff's decedent. This court prides itself in its insistence in having proof of its subject matter jurisdiction before it proceeds on the merits of the case. This is particularly true in removed cases where a heavy burden is on the removing defendants, if they rely on fraudulent joinder, to prove that there is no possibility that the plaintiff can recover against the non-diverse defendant. This is one of those rare cases in which a removing defendant has satisfied this court of a fraudulent joinder. It would be different, of course, if Barnes had alleged and could prove that Swindle deliberately laid a trap for decedent by sabotaging the balancing system on the three-wheeler. Because there is no realistic possibility of a recovery against Swindle, the court will grant Swindle's motion to dismiss **with prejudice** and will deny plaintiff's motion to remand **without prejudice**. If plaintiff requests it, the court will certify its order dismissing the action against Swindle to the Eleventh Circuit under Rule 54(b), F.R.Civ.P., the appropriate procedural device for obtaining a threshold appellate determination of the jurisdictional question.

Having eliminated Swindle as a defendant, the question of whether or not this court has subject matter jurisdiction centers on whether Barnes' proposed amendment adding S & W as a non-diverse defendant should, at this juncture, be granted. The court has severe doubts about the viability of Barnes' putative claim against S & W, but the court is

2

not as sure about how to answer this question as it was about the purported claim against Swindle. S & W is not an indispensable party, so the court is operating in an area of discretion. Under the peculiar circumstance occasioned by the State of Alabama's procedure that allows the naming of fictitious party defendants, the court will grant Barnes' motion for leave to amend, but will retain jurisdiction for the limited purpose of again considering the question of subject matter jurisdiction after a ruling on an anticipated Rule 12(b)(6) motion to be filed by S & W after it is served. After briefing and limited discovery, if the court concludes that S & W is entitled to be dismissed on motion, the court will not only dismiss the action against S & W, but will retain jurisdiction for the long haul.

DONE this 22nd day of August, 2002.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE