IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

02 DEC 20 PM 3: 00

U.S. DISTRICT COURT
N.D. OF ALABAMA

JERRY RUSTY BARNES, as father }
of DERECK BARNES, deceased, }
}
    Plaintiff, }
} CIVIL ACTION NO.
v. }
} 02-AR-1644-J
AMERICAN HONDA MOTOR CO., }
INC., et al., }
}
    Defendants. }

ENTERED
DEC 20 2002

**MEMORANDUM OPINION**

    On August 22, 2002, this court denied the motion of plaintiff, Jerry Rusty Barnes, as father of Dereck Barnes, deceased ("Barnes"), to remand the above-entitled action to the Circuit Court of Fayette County, Alabama, from which it was removed by defendant, American Honda Motor Co., Inc. ("Honda"). The denial was expressly without prejudice to a reconsideration of the question of this court's diversity jurisdiction after plaintiff had substituted S&W Hardware & Appliance Company, Inc. ("S&W") for an earlier erroneously named defendant. After service of the amended complaint on S&W, a non-diverse defendant, S&W predictably filed a motion to dismiss. Although S&W and Honda are represented by the same counsel, there is no conflict-of-interest at the present time, because both defendants are interested first and foremost in justifying the removal by Honda, and necessary to such a justification is the granting of S&W's motion.

    A perfect restatement of the requirement that the federal

court evaluate a plaintiff's factual allegations in a removed case in the light most favorable to plaintiff and to resolve all uncertainties about state substantive law in his favor, is the following expression from *Whitlock v. Jackson Nat'l Life Ins.*, 32 F. Supp. 2d 1286, 1289 (M.D. Ala. 1998): "If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court." According to the allegations of the *Barnes* complaint, the decedent was riding on a vehicle manufactured by Honda and sold to its original purchaser by S&W. That ride was fatal.

Both Honda and S&W argue, as they must, that no cause of action has been stated or can be stated against S&W, because all claims of negligence are merged into the AMELD claim against Honda. When the Supreme Court of Alabama answers the questions certified to it by the Eleventh Circuit in *Spain v. Brown & Williamson Tobacco Corp.*, 230 F. 3d 1300 (11th Cir. 2000), such a "merger" may preclude the existence of a negligence claim against a retailer. Meanwhile, however, this court cannot overlook Ala. Code § 6-5-551, which more broadly describes the entities that can be liable under AMELD than Honda believes, and does not limit potential liability to the manufacturer. The Alabama decisions are less than perfectly clear on the subject. The possibility still exists that a "seller"

like S&W can be liable under AMELD despite the fact that it was not the manufacturer of the allegedly defective product. Thus, this court cannot substitute its uncertain judgment of what the Alabama law ought to be, or to predict what it someday will be, when this court's jurisdiction is premised on 28 U.S.C. §§ 1441 and 1332. The court must give a plaintiff the benefit of all doubt on questions of Alabama law while deciding upon subject matter jurisdiction that depends upon the state of the state law.

S&W's alternative position, which it asserts as another absolute defense allegedly apparent on the face of the amended complaint, is the bar of the Alabama statute of limitations and/or rule of repose. The court respectfully disagrees with S&W and Honda that a statute of limitations or a rule of repose, if either will ultimately provide a defense here, can create the right to remove on the basis of diversity when they are both defenses that must be affirmatively interposed. They can be waived, or, under certain circumstances not yet explored in this case, tolled. This is another legal question awaiting determination by the Supreme Court of Alabama in *Spain v. Brown & Williamson, supra*. For this court to dismiss this action as against S&W under the bar of a statute of limitations or a rule of repose would, in effect, be to adjudicate the claim against S&W on its merits without right of appeal, something this court does not have the power to do absent subject matter jurisdiction. The chicken here must come before the

3

egg.

Based on the foregoing, plaintiff's motion to remand, upon reconsideration, will be granted by separate order.

DONE this 20th day of December, 2002.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE